# No. 2023-1805
United States Court of Appeals
for the Federal Circuit

───────────────

UNITED THERAPEUTICS CORPORATION,

*Appellant,*

– v. –

LIQUIDIA TECHNOLOGIES, INC.,

*Appellee.*

───────────────

APPEAL FROM THE PATENT TRIAL & APPEAL BOARD
IPR2021-00406

───────────────

## APPELLANT UNITED THERAPEUTICS CORPORATION'S REPLY IN SUPPORT OF OPPOSED MOTION FOR EXTENSION OF TIME

───────────────

UNITED THERAPEUTICS CORPORATION
Shaun R. Snader
1735 Connecticut Ave., NW
2nd Floor, Washington, DC 20009
Tel: +1 202 304 1701
ssnader@unither.com

GOODWIN PROCTER LLP
William Jackson
1900 N St., NW
Washington, DC 20036
Tel: +1 202 346 4216
wjackson@goodwinlaw.com

MCDERMOTT WILL & EMERY LLP
Douglas H. Carsten
Arthur P. Dykhuis
18565 Jamboree Road, Suite 250
Irvine, CA 92612-2565
Tel: +1 949 851 0633
dcarsten@mwe.com
adykhuis@mwe.com

Adam W. Burrowbridge
500 North Capitol Street, NW
Washington, DC 20001-1531
Tel: +1 202 756 8797
aburrowbridge@mwe.com

*Counsel for Appellant United Therapeutics Corporation*

# CERTIFICATE OF INTEREST

Counsel for Appellant certifies the following:

1. **The full name of every party represented by me is:**

United Therapeutics Corporation.

2. **The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

None.

3. **All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:**

BlackRock Inc., collectively through different BlackRock entities, may own 10% or more of its stock.

4. **The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:**

Foley & Lardner: Stephen B. Maebius, Michael Houston, George Quillin, Jason N. Mock; McDermott Will & Emery: Judy Mohr, Ph.D., April E. Weisbruch, Mandy Kim

5. **The title and number of any case known to me to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal are:**

*United Therapeutics Corporation v. Liquidia Technologies, Inc.*, Nos. 2022-2217, 2023-1021 (Fed. Cir.); originating from *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, 1-20-cv-755 (D. Del.)

6. **Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):**

None.

Dated: September 20, 2023      /s/ *Douglas H. Carsten*
                               Douglas H. Carsten

# APPELLANT UNITED THERAPEUTICS CORPORATION'S REPLY IN SUPPORT OF OPPOSED MOTION FOR AN EXTENSION OF TIME

Appellant United Therapeutics Corporation ("UTC") has demonstrated good cause for a 14-day extension for the reasons stated in the motion: counsel's extensive obligations, including seven in-person depositions, existing case deadlines, and pre-paid personal vacation travel just before the current September 27 filing deadline. Despite Liquidia's objection, it has failed to show any material prejudice.

The gist of Liquidia's argument is that UTC should not be permitted to "delay" resolution of this appeal. Response at 2. UTC has never "delayed" and Liquidia offers no support for its misplaced rhetoric. Moreover, the requested extension is unlikely to alter the scheduling of oral argument. Normal practice is to select oral argument dates approximately six weeks in advance of oral argument. *See* Practice Notes to Rule 34. Currently briefing is scheduled to be completed on September 27, so the earliest possible oral argument would be during the December oral argument session. Notably, if UTC files its reply brief on October 11 instead of September 27, the Court still has six weeks in advance of the December session. Here, where the Court denied Liquidia's motion to

1

expedite because it "ha[d] not made a sufficient showing," and granted Liquidia's motion "only to the extent that the case will be placed on the next available oral argument calendar after briefing is complete" (Dkt. No. 15), the Court has already addressed Liquidia's concerns about a protracted resolution. In short, the requested extension will ease the burden on UTC's counsel without impacting the speed with which this appeal will be heard and decided.

The remainder of Liquidia's arguments are not persuasive either. Unlike the cases Liquidia cites, the Court did not say "[n]o extensions of time should be anticipated" when denying Liquidia's motion to expedite. Response at 3. Liquidia's complaint that UTC's request "renders Liquidia's self-expedition futile" also misses the mark. *Id*. at 1. Liquidia could have stuck to the schedule it initially proposed to the Court and likely secured an earlier oral argument session if that were Liquidia's primary goal. Dkt. No. 10 at 8 (proposing to file its brief in 20 days). Liquidia's decision to file its brief only 1 week early, thus making UTC's briefing period run during the closing weeks of fact discovery in the parties' co-pending North Carolina (No. 2021-CVS-4094) case, was its strategic choice. The foreseeable outcome of that decision was that UTC's

attorneys would either be swamped or be required to seek relief due to the reply briefing scheduling overlapping with *seven* Liquidia-related depositions and the flurry of activity attendant to the close of fact discovery.

Liquidia recycles arguments from its motion to expedite complaining that the '793 patent remains valid while on appeal. *See, e.g.,* Response at 4 ("UTC continues to use this invalid patent"). This Court has considered those points and rejected Liquidia's erroneous views of appellate finality and due process twice. *See* Case No. 22-2217, Dkt No. 61 at 18-19 (holding "an IPR decision does not have collateral estoppel effect until that decision is affirmed or the parties waive their appeal rights" and stating "the Board's final written decision does not cancel claims"); *see also* Liquidia Motion to Expedite, Dkt. No. 10 at 5 (suggesting that the patent "has been rendered unpatentable"). This Court correctly rejected those arguments and determined that Liquidia "ha[d] not made a sufficient showing." Dkt. No 15 at 1.

Liquidia also repeats its erroneous argument that Liquidia's product is a "first-of-its-kind, life-saving pulmonary hypertension drug." Response at 1. Neither assertion is true. First, UTC currently markets

TYVASO® (treprostinil) inhalation solution, which was first approved by FDA in 2009, and TYVASO DPI® (treprostinil) inhalation powder, which was approved by FDA in 2022. UTC's TYVASO DPI® is the first marketed dry powder formulation of treprostinil in the United States. Second, while treprostinil-based products are critically important life-improving drugs for patients, pulmonary hypertension remains an uncurable disease making Liquidia's "life-saving" claim puffery, at best. Response at 1, 4.

Despite acknowledging that UTC has "a litany of commitments" (at 6) and a "laundry list of deadlines" (*id.*), Liquidia attempts to blame UTC. Apparently, Liquidia believes that UTC should be forced to retain different attorneys for its reply brief or should have started drafting its reply before receiving Liquidia's brief. Neither is practical. As noted, Liquidia alone dictated the timing of UTC's reply—a point that could not have been lost on Liquidia given that the majority of conflicts are from the parties' co-pending case in North Carolina. Finally, Liquidia lobs a heads-I-win-tails-you-lose argument, stating "[i]t is also not clear how a two-week extension fixes the problem if all the qualified attorneys . . . are that busy." Response at 6-7. In fact, UTC considered seeking a longer

4

extension given the perfect storm of conflicts created by the timing of the filing of Liquidia's responsive brief but decided to seek only two weeks to avoid altering the oral argument schedule—confirming that UTC is not seeking undue delay. Liquidia's allegation that granting a mere 14-day extension would somehow "punish[]" Liquidia is factually unfounded and an over-the-top exaggeration.

UTC respectfully requests that this motion for an extension of time be granted.

Respectfully submitted,

/s/ *Douglas H. Carsten*
Douglas H. Carsten
Shaun R. Snader
William Jackson
Adam W. Burrowbridge
Arthur P. Dykhuis

*Attorneys for Appellant*
*United Therapeutics Corporation*

Dated: September 20, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g) and Circuit Rule 28.1(c), the undersigned counsel for United Therapeutics Corporation certifies that this motion:

(i) complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 865 words, including footnotes and excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2); and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 2007 and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

Dated: September 20, 2023    /s/ *Douglas H. Carsten*
Douglas H. Carsten

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on September 20, 2023, the foregoing document was filed using the Court's CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

Dated: September 20, 2023          /s/ *Douglas H. Carsten*
                                   Douglas H. Carsten