No. 2023-1805

# United States Court of Appeals for the Federal Circuit

———————————

UNITED THERAPEUTICS CORPORATION,

*Appellant,*

– v. –

LIQUIDIA TECHNOLOGIES, INC.,

*Appellee.*

———————————

APPEAL FROM THE PATENT TRIAL & APPEAL BOARD
IPR2021-00406

———————————

**APPELLANT UNITED THERAPEUTICS CORPORATION'S UNOPPOSED MOTION FOR LEAVE TO FILE CORRECTED OPENING BRIEF**

———————————

UNITED THERAPEUTICS
CORPORATION
Shaun R. Snader
1735 Connecticut Ave., NW
2nd Floor, Washington, DC
20009
Tel: +1 202 304 1701
ssnader@unither.com

GOODWIN PROCTER LLP
William Jackson
1900 N St., NW
Washington, DC 20036
Tel: +1 202 346 4216
wjackson@goodwinlaw.com

MCDERMOTT WILL & EMERY LLP
Douglas H. Carsten
Arthur P. Dykhuis
18565 Jamboree Road, Suite 250
Irvine, CA 92612-2565
Tel: +1 949 851 0633
dcarsten@mwe.com
adykhuis@mwe.com

Adam W. Burrowbridge
500 North Capitol Street, NW
Washington, DC 20001-1531
Tel:  +1 202 756 8797
aburrowbridge@mwe.com

*Counsel for Appellant United Therapeutics Corporation*

# CERTIFICATE OF INTEREST

Counsel for Appellant certifies the following:

1. **The full name of every party represented by me is:**

United Therapeutics Corporation.

2. **The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

None.

3. **All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:**

BlackRock Inc., collectively through different BlackRock entities, may own 10% or more of its stock.

4. **The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:**

Foley & Lardner: Stephen B. Maebius, Michael Houston, George Quillin, Jason N. Mock; McDermott Will & Emery: Judy Mohr, Ph.D., April E. Weisbruch, Mandy Kim

5. **The title and number of any case known to me to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal are:**

*United Therapeutics Corporation v. Liquidia Technologies, Inc.*, Nos. 2022-2217, 2023-1021 (Fed. Cir.); originating from *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, 1-20-cv-755 (D. Del.)

6. **Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):**

None.

Dated: October 20, 2023         /s/ *Douglas H. Carsten*
                                Douglas H. Carsten

# APPELLANT UNITED THERAPEUTICS CORPORATION'S UNOPPOSED MOTION FOR LEAVE TO FILE CORRECTED OPENING BRIEF

Appellant United Therapeutics Corporation ("UTC") respectfully moves for leave to file the concurrently submitted corrected opening brief. The corrected brief includes typographical and grammatical corrections as well as corrections removing largely redundant information from a background section, without impact to UTC's arguments, to address the word count limit of Federal Circuit Rule 32(b)(1). Liquidia Technologies, Inc. ("Liquidia") does not oppose this motion.

UTC's opening brief in the above-captioned case was filed on August 4, 2023 (Dkt. 17). While preparing a corrected opening brief addressing minor fixes, it came to UTC's attention that despite counsel's understanding at the time of filing, footnotes had been inadvertently excluded from UTC's opening brief word count. UTC realized this on October 18, 2023. UTC immediately began preparing corrections to reduce the word count and shared those proposed corrections with Liquidia yesterday, October 19, 2023. UTC sought Liquidia's position and Liquidia informed UTC that it does not oppose this motion. UTC promptly filed this motion following receipt of Liquidia's position.

More specifically, UTC's corrections include grammatical/typographical corrections and the removal of information from a background section of the brief (Dkt. 17, pp. 12-18) that is largely redundant with quotes in one of the argument sections (*id.*, pp. 66-67). With these corrections, the word count, including footnotes, complies with Federal Circuit Rule 32(b)(1). UTC's corrected Opening Brief makes the following changes:

| Dkt. 17 | Correction |
|---|---|
| - | Removing capitalization of "patent" throughout the brief. |
| - | Correcting hyphenation of "dry powder" throughout the brief. |
| Representative Claims page | Correcting footnote 1 to be consistent with footnote 11 on page 55 (page 53 in corrected brief). |
| pp. 12-13 | Removing "soft mist inhalers, or metered dose inhalers that use propellants to form aerosols containing treprostinil" |
| p. 13 | Removing "Dr. Gonda provided five specific reasons why these sources of unpredictability would have left a skilled artisan unable to develop a dry powder treprostinil formulation for PH patients without excessive non-routine experimentation." |
| p. 13 | Removing "As Dr. Gonda explained, 'formulation of dry powder formulations is completely different than formulation of nebulized solutions.' Appx5953." |
| p. 14 | Adding a comma on page 14 (page 13 of the corrected brief). |
| p. 14 | Removing "non-routine and 'excessive' experimentation would have been required to develop a dry powder treprostinil formulation and dosing |

2

|  | regimen for pulmonary hypertension due to treprostinil's high potency. Appx5951-Appx5952." Changing capitalization of "To" |
|---|---|
| p. 14 | Removing "that enables therapeutic delivery. Such work would 'not be routine'" |
| p. 14 | Removing "This is because for dry powder treprostinil 'the delivery has to be precise.' Appx5953 (emphasis added). Developing a treprostinil-specific dry powder formulation inhaler combination would be 'more challenging than for drugs which were routinely delivered by inhalation pre-2006 in the form of dry powder inhalers.' *Id.*" |
| p. 15 | Removing "because, among other reasons, they are 2-phase gas-solid systems" |
| p. 15 | Removing "'As a consequence, equations describing the behavior of solids are less predictive than their fluid counterparts.' *Id.*" |
| p. 15 | Removing "Thus, 'the development of a dry powder inhaler product requires matching the compatibility of the device and the formulation also with the ability of the PH patients to inhale the formulation such that a reproducible precise dosing is possible.' Appx5956. This matching is 'more challenging' for treprostinil because uniform distribution is difficult to achieve with 'high potency' drugs 'formulated in such a low concentration of drug to carrier.' Appx5957." |
| p. 16 | Correcting quotation mark placement for quoted text (page 15 of corrected brief). |
| pp. 16-17 | Removing "For example, the prior art did not disclose treprostinil's 'aerodynamic size distribution' or 'fine particle fraction'—properties 'important to dry powder inhaler performance.' *Id.*" |
| p. 17 | Removing "The development of a powder formulation of treprostinil suitable for administration via dry powder inhaler would have been 'further exacerbated' by treprostinil's 'known hygroscopicity' (i.e., its tendency to take on moisture), which 'present[s] a |

3

|  | greater risk of physical instability,' Dr. Gonda explained. *Id.*" |
|---|---|
| p. 17 | Removing "for dry powder formulations" |
| p. 18 | Removing "Dry powder is different in kind; 'a unique interdependence exists between approved dry powder formulations and their dry powder inhalation devices.' Appx5962. This"<br>Changing capitalization of "unpredictability." |
| p. 18 | Removing a comma and "thus requiring 'extensive' experimentation with different device-formulation combinations"<br>Adding "(citation omitted)" to the citation to Appx5963. |
| p. 53 | Adding an end parenthesis to parenthetical citation to *Leeds & Catlin*. |
| p. 66 | Correcting a typographical error in citation to Joint Appendix. |

No other changes have been made to the opening brief, other than to indicate the date of filing, add "Corrected – October 20, 2023" to the cover of the brief as required by Fed. Cir. R. 25(i)(2), and amend the rule cited and word count in the certification. UTC's corrections also cause changes to the page numbers in the opening brief.

UTC files this motion out of an abundance of caution to inform the Court of the inaccurate word count certification that was regretfully filed with the opening brief (Dkt. 17) and with an appreciation that the Court may not view all corrections as non-substantive and capable of correction via a "Notice of Correction" pursuant to Fed. Cir. R. 25(i)(1).

As stated herein, Counsel for UTC conferred with counsel for Liquidia. Liquidia does not oppose this motion.

Respectfully submitted,

/s/ *Douglas H. Carsten*
Douglas H. Carsten
Shaun R. Snader
William Jackson
Adam W. Burrowbridge
Arthur P. Dykhuis

*Attorneys for Appellant*
*United Therapeutics Corporation*

Dated: October 20, 2023

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2), the undersigned counsel for United Therapeutics Corporation certifies that this motion:

(i)  complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 871 words, including footnotes and excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2); and

(ii)  complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

Dated: October 20, 2023          /s/ *Douglas H. Carsten*
                                 Douglas H. Carsten

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 20, 2023, the foregoing document was filed using the Court's CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

Dated: October 20, 2023          /s/ *Douglas H. Carsten*
                                 Douglas H. Carsten