No. 2023-1805

United States Court of Appeals
for the Federal Circuit

———————◆———————

UNITED THERAPEUTICS CORPORATION,

*Appellant,*

v.

LIQUIDIA TECHNOLOGIES, INC.,

*Appellee,*

*Appeal from the United States Patent and Trademark Office,*
*Patent Trial and Appeal Board in No. IPR2021-00406*

**APPELLEE LIQUIDIA TECHNOLOGIES, INC.'S RESPONSE TO APPELLANT'S PETITION FOR PANEL REHEARING AND REHERING EN BANC**

SANYA SUKDUANG
JONATHAN R. DAVIES
BRITTANY CAZAKOFF
COOLEY LLP
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Appellee Liquidia Technologies, Inc.*

# CLAIMS AT ISSUE

| U.S. Patent No. 10,716,793 | |
|---|---|
| 1 | A method of treating pulmonary hypertension comprising administering by inhalation to a human suffering from pulmonary hypertension a therapeutically effective single event dose of a formulation comprising treprostinil or a pharmaceutically acceptable salt thereof with an inhalation device, wherein the therapeutically effective single event dose comprises from 15 micrograms to 90 micrograms of treprostinil or a pharmaceutically acceptable salt thereof delivered in 1 to 3 breaths. |
| 2 | The method of claim 1, wherein the inhalation device is a soft mist inhaler. |
| 3 | The method of claim 1, wherein the inhalation device is a pulsed ultrasonic nebulizer. |
| 4 | The method of claim 1, wherein the inhalation device is a dry powder inhaler. |
| 5 | The method of claim 1, wherein the inhalation device is a pressurized metered dose inhaler. |
| 6 | The method of claim 4, wherein the formulation is a powder. |
| 7 | The method of claim 6, wherein the powder comprises particles less than 5 micrometers in diameter. |
| 8 | The method of claim 1, wherein the formulation contains no metacresol. |

## CERTIFICATE OF INTEREST

Counsel for Appellee certifies the following:

1. **The full name of every party represented by me is:**

   Liquidia Technologies, Inc.

2. **The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

   None.

3. **All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:**

   Liquidia Corporation

4. **The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:**

   Cooley LLP: Sanya Sukduang, Erik B. Milch, Ivor R. Elrifi, Jonathan Davies, Deepa Kannappan, Brittany Cazakoff

5. **The title and number of any case known to me to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal are:**

   *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, Nos. 2022-2217, 2023-1021 (Fed. Cir.); originating from *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, 1-20-cv-755 (D. Del.)

6. **Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):**

   None.

Dated: February 26, 2024        */s/ Sanya Sukduang*
                                      Sanya Sukduang

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................1

I.     FACTUAL BACKGROUND...........................................................2

II.    ARGUMENT...................................................................................5

    A.     Rehearing En Banc Is Inappropriate Because the Panel Issued A Nonprecedential Decision ......................................................5

    B.     The Board's Determination as to the Scope of the Petition is Not Entitled to *De Novo* Review.................................................6

    C.     The Panel Decision Was Based on Undisputed Facts Concerning The JESC and JAHA Conferences, Not a Presumption of Public Accessibility ..........................................................................12

        1.     Facts support the Board's findings and the Panel's Affirmance .................................................................12

        2.     UTC's "document-not-in-evidence" argument is belied by the facts and law.......................................................14

        3.     The Panel's decision does not conflict with *Norian* .................16

CONCLUSION ..................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apple Inc. v. Masimo Corp.*,
   No. 2022-1890, 2024 WL 137336 (Fed. Cir. Jan. 12, 2024).................... 11

*Ariosa Diagnostics v. Verinata Health, Inc.*,
   805 F.3d 1359 (Fed. Cir. 2015) ................................................... 8

*Axonics, Inc. v. Medtronic, Inc.*,
   75 F.4th 1374 (Fed. Cir. 2023) ................................................. 10

*Corephotonics, Ltd. v. Apple Inc.*,
   84 F.4th 990 (Fed. Cir. 2023) ................................................ 8, 9

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ................................................. 5

*Ericsson Inc. v. Intell. Ventures I LLC*,
   901 F.3d 1374 (Fed. Cir. 2018) ............................................. 8, 10

*In re Klopfenstein*,
   380 F.3d 1345 (Fed. Cir. 2004) ................................................ 14

*In re NuVasive, Inc.*,
   841 F.3d 966 (Fed. Cir. 2016) ............................................. 10, 11

*Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*,
   821 F.3d 1359 (Fed. Cir. 2016) ................................................ 11

*Jazz Pharms., Inc. v. Amneal Pharms., LLC*,
   895 F.3d 1347 (Fed. Cir. 2018) ................................................ 16

*Massachusetts Institute of Technology v. AB Fortia*,
   774 F.2d 1104 (Fed. Cir. 1985) ................................................ 14

*Medtronic, Inc. v. Barry*,
   891 F.3d 1368 (Fed. Cir. 2018) ................................................ 14

*Netflix, Inc. v. DivX, LLC*,
   84 F.4th 1371 (Fed. Cir. 2023) ................................................. 8

iv

# TABLE OF AUTHORITIES
## continued

**Page(s)**

*Nobel Biocare Services AG v. Instradent USA, Inc.*,
    903 F.3d 1365 (Fed. Cir. 2018) ................................. 14

*Norian Corp. v. Stryker Corp.*,
    363 F.3d 1321 (Fed. Cir. 2004) ......................... 16, 17

*Rembrandt Diagnostics, LP v. Alere, Inc.*,
    76 F.4th 1376 (Fed. Cir. 2023) ......................... 10, 11

*Samsung Elecs., Co. v. Infobridge Pte. Ltd.*,
    929 F.3d 1363 (Fed. Cir. 2019) ............................. 15

*SAS Inst., Inc., v. Iancu*,
    138 S. Ct. 1348 (2018) ........................................ 7, 9

**STATUTES**

35 U.S.C §102(b) ..................................................... 2, 4, 5

35 U.S.C. §312(a)(3) .................................................. 7, 9

**REGULATIONS**

37 C.F.R. §42.108 ....................................................... 10

**OTHER AUTHORITIES**

Fed. Cir. R. 35 Practice Note ......................................... 5

Fed. R. App. P. 35(a) .................................................... 1

Fed. R. App. P. 35(a)(1) ................................................ 6

Fed. R. App. P. 35(a)(2) ................................................ 6

# TABLE OF ABBREVIATIONS

| Abbreviation | Term | Appendix Page |
|---|---|---|
| '793 patent | U.S. Patent No. 10,716,793 | Appx1001–Appx1025 |
| '212 patent | U.S. Patent No. 6,521,212 | Appx1207–Appx1233 |
| Board | Patent Trial and Appeal Board | |
| Director | Director of the Patent and Trademark Office | |
| ESC | European Society of Cardiology | |
| FWD | Final Written Decision | Appx0001–Appx0049 |
| IPR | *Inter partes* review | |
| JAHA | Robert Voswinckel, et al., *Inhaled Treprostinil Sodium (TRE) For the Treatment of Pulmonary Hypertension*, in Abstracts from the 2004 Scientific Sessions of the American Heart Association, 110 CIRCULATION III-295 (Oct. 26, 2004), published by the "**J**ournal of the **A**merican **H**eart **A**ssociation" | Appx1241–Appx1243 |
| JESC | Voswinckel, R., et al., *Inhaled treprostinil is a potent pulmonary vasodilator in severe pulmonary hypertension*, 25 EUROPEAN HEART J. 22 (2004), published in the "**J**ournal of the **E**uropean **S**ociety of **C**ardiology" | Appx1234–Appx1240 |
| Liquidia | Liquidia Technologies, Inc. | |
| Op. | Opinion (Docket Entry 52) | |
| POR | Patent Owner Response | Appx0352–Appx0424 |
| POP | Precedential Opinion Panel | |
| POPR | Patent Owner Preliminary Response | Appx0202, Appx0236–Appx0252 |
| POSA | Person of ordinary skill in the art | |
| PTO | Patent and Trademark Office | |
| RP | UTC's Rehearing Petition (Docket Entry 54) | |
| UTC | United Therapeutics Corporation | |

# INTRODUCTION

Nothing in the Panel's nonprecedential decision warrants en banc review.[1] *See* Fed. R. App. P. 35(a). The Panel correctly applied an abuse of discretion standard to its review of the Board's decision, determining that the public accessibility of JESC and JAHA was not a "new theory" and permitting Liquidia to submit additional responsive evidence of public accessibility. The Panel also considered each of UTC's legal and factual arguments—the same arguments UTC presents here—requiring denial of Panel review because no point of fact or law was overlooked or misapprehended.

UTC's argument for a *de novo* review standard relies on mischaracterizing Liquidia's Reply evidence in support of public accessibility as a "new theory" of unpatentability—an argument rejected in the FWD, the Board's rehearing denial, and by the Panel. This argument should be rejected here too because Liquidia's Petition asserted that JESC and JAHA were prior art because they were publicly accessible—the same prior art "theory" adopted by the Board in its FWD. *See* Appx0133; Appx0135; Appx0008-0012; Appx0058-0061. A Board's determination as to what arguments were properly presented in the Petition and supported in Reply is reviewed for an abuse of discretion, which the Panel did here. Op., 6-8.

---

[1] UTC does not contend the Panel's decision requires an answer to a precedent-setting question of exceptional importance. *See* RP, vi.

Further, the content of the publicly disseminated prior art was known, interested persons could access JESC and JAHA, and the Panel properly concluded that Liquidia had no obligation to provide copies of the abstract books, thereby debunking UTC's "not-in-evidence" argument. Finally, only by omitting critical fact finding from *Norian* (RP, 3, 13-14), can UTC allege the Panel's decision is in conflict with precedent. En banc review is not warranted when the only alleged conflict is manufactured by UTC through mischaracterizing precedent and the Panel's decision.

## I.    FACTUAL BACKGROUND

The Board found the '793 patent claims unpatentable over the '212 patent, JESC, and JAHA. Appx0006-0035. Liquidia's Petition asserted JESC and JAHA were publicly accessible prior art under 35 U.S.C §102(b) because they were published in journals and presented at scientific conferences. Appx0133 (citing Appx1164-1165, ¶55 (Dr. Gonda explaining JESC "corresponds to a presentation made at a conference before the European Society of Cardiology Congress from August 28 to September 1, 2004")); Appx0135 (citing Appx1166-1167, ¶58 (Dr. Gonda explaining that JAHA "was presented at the 'Scientific Sessions 2004' conference")). UTC's POPR contested the prior art status of other references, but did not contest the prior art status of JESC or JAHA. Appx0237-0251. The Board instituted the '793 IPR, relying on the combination of the '212 patent, JESC and

2

JAHA, without addressing the prior art status of the abstracts.  Appx0308-0310, Appx0321.

UTC's POR presented new arguments that JESC and JAHA were not "Publicly Accessible Prior Art Before the Priority Date."  Appx0372-0379.  In Reply, Liquidia provided responsive evidence to further support the public accessibility arguments in its Petition.  This responsive evidence explained that JESC and JAHA (filed with the Petition) indicate on their face that they were presented at conferences.  Appx0470-0471, Appx0474-0475.  Liquidia also submitted deposition testimony from both parties' experts agreeing that a POSA would have received JESC and JAHA in an "abstract book" prior to or at the conferences.  Appx0470-0471, Appx0475.

UTC requested to submit Sur-Reply rebuttal evidence.  Appx0537.  The Board denied UTC's request, and acknowledged that Liquidia was permitted to submit evidence in Reply only if "responsive to the prior briefing[,]" and that the Board would only consider properly submitted Reply evidence.  Appx0539 (citation omitted).  The Board also found that UTC's request was not needed because UTC could make arguments against Liquidia's Reply evidence.  *Id.*  The Board also gave UTC the opportunity to describe the rebuttal evidence it intended to submit, but UTC insufficiently identified "vague types of evidence that might be submitted[,]" without explaining what it might show.  Appx0539-0540.

3

In its Sur-Reply, UTC conceded that Liquidia's "***Petition***, citing the Gonda and Hall-Ellis declarations, asserted that [JAHA and JESC] are prior art because they were 'presented' at conferences in 2004." Appx0561 (emphasis added). UTC argued that some of Liquidia's Reply evidence was "new," but did not argue that evidence establishing dissemination of the abstract books at the conferences was a "new theory" of unpatentability. Appx0562-0570. UTC also identified additional evidence it would have submitted if granted permission (*see e.g.*, Appx0566-0567, nn.2-3), but did not identify any evidence regarding whether the abstract books were disseminated (*see* Appx0563-0564).[2]

In its FWD, the Board found JESC and JAHA "publicly accessible" §102(b) prior art because, among other reasons, they were presented at conferences and that Liquidia's Reply evidence was not untimely because it directly responded to UTC's POR arguments. Appx0008-0012.

UTC requested a rehearing, which was denied, but the FWD panel clarified the prior art status of JESC and JAHA. Appx0053; Appx0061-0062. Consistent with the FWD, the Board cited copies of JESC and JAHA submitted with the Petition and found that these abstracts were published in two journals, relating to 2004

---

[2] UTC submitted declarations from the JAHA and JESC authors addressing the prior art status of other references. None addressed JESC or JAHA, indicating no author would swear under oath that the abstracts were not publicly accessible. *See* Appx5304-5340; Appx5347-5353.

medical conferences, and the journals included detailed information providing the presentation location and date for each abstract. Appx0058-0059 (citing Appx1234-1240); Appx0060 (citing Appx1241-1243). Relying on testimony from the parties' experts, the Board found "the evidence of record shows that Voswinckel JESC was distributed to more than twenty thousand people before or at the time of the ESC Congress 2004 in late August and early September of 2004[,]" that "[t]he distribution of thousands of copies of Voswinckel JAHA at the conference is strong evidence that Voswinckel JAHA was a printed publication as of the date of the conference[,]" and neither conference had an expectation of confidentiality. Appx0058-0061. Thus, consistent with Liquidia's Petition, the Board found JESC and JAHA qualify as §102(b) prior art because they were publicly accessible more than one year before the '793 patent's priority date. Appx0060-0062.

## II.    ARGUMENT

### A.    En Banc Review of a Nonprecedential Decision Is Inappropriate

To the extent the Court is considering en banc review, it should be denied. En banc review is a "rare intervention[,]" "reserved for real conflicts as well as cases of exceptional importance." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1311 (Fed. Cir. 2006). This Court has recognized a "petition for rehearing en banc is rarely appropriate if the appeal was the subject of a nonprecedential opinion by the panel of judges that heard it." Fed. Cir. R. 35 Practice Note. This Panel's nonprecedential

decision creates no precedent and has ***no*** application beyond this specific case.  Thus, the en banc requirement under Rule 35(a)(1) has not been met.  Moreover, the Court issues nonprecedential opinions for cases that do not add significantly to the body of law.  Accordingly, the Panel's decision does not raise a case of "exceptional importance[,]" further warranting denial of en banc review.[3]  Fed. R. App. P. 35(a)(2).

Because the Panel's decision was nonprecedential, UTC's assertion that the decision if "[l]eft uncorrected, . . . will stoke uncertainty and confusion" and "open the floodgates for belated arguments[,]" is wrong.  RP, 1-2, 10.  En banc review is not warranted.

## B.    The Board's Determination as to the Scope of the Petition is Not Entitled to *De Novo* Review

UTC asserts that the Board adopted a "new theory" of unpatentability not presented in the Petition, requiring the Panel to review *de novo*.  RP, 1, 5-11.  UTC is wrong.  JESC and JAHA's public accessibility was always the prior art basis in the Petition and the "theory" of unpatentability was the combination of the '212 patent, JESC and JAHA.  Appx0133, Appx0135, Appx0141-0157.  Liquidia's

---

[3] Because the decision is nonprecedential, this is not the case to "adjudicate[] the statutory limits of the Board's authority."  RP, 10.

Petition satisfied the requirements of 35 U.S.C. §312(a)(3) and, as noted above, UTC acknowledged as much in its Sur-Reply.  RP, 1, 5-6.

Consistent with *SAS*, the Board instituted and issued its FWD based on the *same* prior art, the *same* prior art basis (public accessibility), and the *same* theory of unpatentability presented in the Petition.  Appx0308-0311, Appx0320-0021; Appx0006-0035; Appx0056-0061; *SAS Inst., Inc.*, *v. Iancu*, 138 S. Ct. 1348, 1357 (2018).  The Board relied on JESC and JAHA provided in the Petition, as well as additional supporting evidence (consistent testimony from both parties' experts on the dissemination of the abstract books for the two specific conferences) that Liquidia properly submitted in its Reply.  Appx0008-0012; Appx0058-0061.  Liquidia did not assert and the Board did not rely on any "new theory" of unpatentability.  Further, UTC's "new theory of unpatentability" argument was raised for the first time on appeal despite being aware of Liquidia's Reply evidence and responding to it in its Sur-Reply.  Appx0562-0570.

The Panel also acknowledged UTC's "new theory" argument and identified the same statutory sections and case law UTC points to here.  Op., 6-7.  The Panel, like the Board, simply disagreed with UTC's position.  Op., 8 ("Liquidia's arguments were not inconsistent with, and therefore not new over, the grounds raised in its IPR petition—that the Voswinckel [JESC and JAHA] abstracts were publicly

accessible prior to the critical date."). Such disagreement is neither a basis for panel or en banc review, nor a recitation of a new legal standard as UTC suggests. RP, 8.

The question before the Panel related to the scope of arguments in the Petition, and the Panel properly reviewed the Board's prior art determination for abuse of discretion.[4] This Court has routinely held that it "review[s] the Board's judgements concerning what arguments are fairly presented in a petition and other pleadings for abuse of discretion." *See Netflix, Inc. v. DivX, LLC*, 84 F.4th 1371, 1376 (Fed. Cir. 2023) (citing *Ericsson Inc. v. Intell. Ventures I LLC*, 901 F.3d 1374, 1379 (Fed. Cir. 2018)); *Corephotonics, Ltd. v. Apple Inc.*, 84 F.4th 990, 1002-03 (Fed. Cir. 2023) ("It is for the Board to determine what grounds are being articulated in a petition and what arguments and evidence are being referred to in the responses and any replies."). As pointed out in *Corephotonics*, "the Board has *discretion* to determine . . . 'when a [r]eply contention crosses the line from the responsive to the new.'" 84 F.4th at 1002-03 (quoting *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1368 (Fed. Cir. 2015)) (emphasis added). Consequently, how the Board interprets a petition is reviewed for abuse of discretion, (*id.* at 1007), and the Board's

---

[4] Although *de novo* review was not warranted, the same outcome would be reached, as the Panel did consider UTC's "new theory" argument and determined that the public accessibility of JESC and JAHA were properly asserted in Liquidia's Petition. Op., 7-8.

determination that Liquidia's Reply evidence did not raise a "new theory" of unpatentability is reviewed under this standard—not *de novo* as UTC contends.

The Panel's decision does not conflict with UTC's cited cases, and those cases do not support the argument that Liquidia's Reply evidence constituted a "new" "theory of unpatentability." RP, 7-11. For instance, *SAS* stands for the proposition that a petition, not the Director, defines the contours of a petition, and that such petition must identify each challenged claim and the grounds upon which the challenge is based. 138 S. Ct. at 1357. Neither the Board nor the Panel ran afoul of this mandate as it is clear Liquidia's Petition met the requirements of §312(a)(3). *See* §I, *supra*.

UTC relies on *Corephotonics'* "newness" restriction" (RP, 6, 9), which prevents "an entirely new theory of *prima facie* obviousness absent from the petition[.]" 84 F.4th at 1008 (citation omitted). No new theory of *prima facie* obviousness was presented in Liquidia's Reply. And UTC, recognizing this fact, alleges instead that the question is whether the "Board has the authority to decide *new public accessibility theories* beyond the scope of the petition." RP, 8 (emphasis added). The Board found and the Panel affirmed, Liquidia's Reply evidence addressed new arguments made in UTC's Response[5], and expanded upon evidence

---

[5] UTC argues it made no new arguments in its Response. RP, 9. But UTC challenged the public accessibility of JESC and JAHA for the first time in its POR.

previously presented in the Petition (Appx0009-0010; Op., 7-8)[6], an expansion

expressly permitted by this Court. *See Ericsson*, 901 F.3d at 1379-81 (cautioning

the Board not to parse "arguments on reply with too fine a filter."); *Rembrandt*

*Diagnostics, LP v. Alere, Inc.*, 76 F.4th 1376, 1384 (Fed. Cir. 2023) ("[A] reply may

be proper if it is responsive and simply expands on previously raised arguments.").

*In re NuVasive* involves a new *prima facie* obviousness argument not in the

petition. RP, 6. Specifically, the IPR petitioner argued the claims were obvious over

four references in combination with a Michelson reference teaching implants of a

certain length. *In re NuVasive, Inc.*, 841 F.3d 966, 969 (Fed. Cir. 2016). The Board

instituted based on this combination. *Id.* In its FWD, however, the Board relied on

Figure 18 of Michelson for the disputed length limitations "so that no combining of

references was needed to arrive" at the claimed limitations. *Id.* at 967, 970. Because

---

Op., 7. Had UTC raised this challenge in its POPR, Liquidia would have been able
to seek leave to respond. *See* 37 C.F.R. §42.108; §I n.2, *supra*. Rather than the
Panel's decision inviting "sandbagging," UTC's requested relief would permit
patent owners to withhold arguments until their POR and then argue petitioners
cannot provide arguments and evidence in reply—a position already rejected by this
Court. *See Axonics, Inc. v. Medtronic, Inc.*, 75 F.4th 1374, 1384 (Fed. Cir. 2023)
(Indicating a patent owner sitting "on its strongest" arguments until its response
"would create opportunities for sandbagging by the patent owner[.]").

[6] UTC argues the Panel was wrong to conclude that "Liquidia's IPR petition asserted
that each of the Voswinckel abstracts was publicly presented[.]" RP, 7 (citing Op.,
7). The Board made this determination (Appx0009), which is reviewed for abuse of
discretion.

the petition never relied on a single reference or Figure 18, it was determined to be an improper change in the petitioned grounds for unpatentability. *Id.* at 974-5. This stands in contrast to the facts here, where the Board found the '793 claims unpatentable based on the same art, the same prior art theory, and the same obviousness combination presented in the Petition.

Petitioner IBS in *Intelligent Bio-Systems* expressly relied upon the "deprotecting conditions" of the Zavgorodny reference in its petition, but in reply argued it would have been obvious to modify those same conditions and relied on different references not cited in the petition. *Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1366, 1369-70 (Fed. Cir. 2016)  The Board determined this "new rationale" was an improper new argument of unpatentability. *Id.*; *Rembrandt*, 76 F.4th at 1383 (discussing *Intelligent Bio-Systems*).  Moreover, the Court reviewed the Board's "determinations that IBS exceeded the scope of a proper reply[,]" for abuse of discretion—not *de novo* as UTC advocates here.  RP, 9; *Intelligent Bio-Systems*, 821 F.3d at 1367, 1370.

UTC also mischaracterizes the facts in *Apple Inc. v. Masimo Corp.*, No. 2022-1890, 2024 WL 137336, at *3 (Fed. Cir. Jan. 12, 2024).  UTC asserts that in *Apple*, the petitioner failed to identify a "'subset' *of the argument* made in the petition[,]" rendering it an improper "new argument." RP, 10 (emphasis added).  *Apple* did not concern a "subset" of an "argument," but instead a "subset of the operations"

disclosed in the prior art, leading the Court to find that "[t]he petition made no mention of suspending a *subset* of the operations performed" and that the "subset of operations" was a new theory of unpatentability. 2024 WL 137336, at *3. There is no conflict.

Finally, UTC was not prohibited from responding to Liquidia's Reply evidence, as the Board identified the types of arguments UTC could present. Appx0539. But when provided the opportunity to explain the type of evidence UTC wanted to submit, or how that evidence would contradict Liquidia's Reply evidence, UTC only provided a "vague" and unhelpful response. Appx0539-0040. For these reasons, neither Panel nor en banc review is warranted.

### C. The Panel Decision Was Based on Undisputed Facts Concerning The JESC and JAHA Conferences, Not a Presumption of Public Accessibility

#### 1. Facts support the Board's findings and the Panel's Affirmance

Neither the Board nor the Panel adopted any "presumption" of public accessibility. RP, 12. Rather, the Board addressed this Court's precedent regarding distribution at a conference, considered all the available evidence, and found JESC and JAHA were publicly accessible. Appx0008-0009; Appx0058-0061. The Board noted the dates and locations of each conference, the tables of contents directing conference attendees not only to the abstracts, but the specific day and location

(including conference hall number)[7], where an interested person could attend the abstract presentations, and took official notice of the date the JAHA abstract was presented. Appx0008-0010; Appx0058-0061 (citing Appx1241-1243).

Additionally, the Board considered the testimony of Drs. Hill and Waxman, PAH clinicians and Liquidia's and UTC's experts, respectively. Both provided corroborating evidence regarding dissemination of the abstract books containing JESC and JAHA. Appx0058-0061. This testimony established the size of the two conferences, the types of attendees, the lack of any expectation of confidentiality, and that both experts agreed that conference attendees "would have received a copy of the abstract book *from which Voswinckel JESC [and Voswinckel JAHA] is excerpted*, either at the meeting itself or as a distribution before the meeting." Appx0059-61 (citing Appx2913-2914, ¶28; Appx3137-3140, 105:16-108:1) (emphasis added). Upon review, the Panel determined the Board's factual findings were supported by substantial evidence. Op., 7. No presumption was made by the Panel.

---

[7] These findings contradict UTC's assertion that the Board and Panel "speculat[ed]" as to "some unknown time and place to unspecified attendees[.]" RP, 14. The *specific* time, place, and attendees were identified by the Board and supported by substantial evidence. Appx0058-0061.

**2.    UTC's "document-not-in-evidence" argument is belied by the facts and law**

UTC's reliance on *Nobel Biocare Services AG v. Instradent USA, Inc.*, 903 F.3d 1365 (Fed. Cir. 2018), *Medtronic, Inc. v. Barry*, 891 F.3d 1368 (Fed. Cir. 2018), and *Massachusetts Institute of Technology v. AB Fortia*, 774 F.2d 1104 (Fed. Cir. 1985) for its argument that to know the "content" of the prior art, it must be in evidence, is misplaced.  RP, 16-17.  The evidence the Board entered into the record, considered and cited proves the content of JESC and JAHA were known.  This was the type of case specific inquiry required by the Court.  *See In re Klopfenstein*, 380 F.3d 1345, 1350 (Fed. Cir. 2004).

As discussed above, pointing to the copies of JESC and JAHA submitted with the Petition, the Board identified the dates and locations where an interested person could attend the JESC and JAHA abstract presentations.  Appx0058 (citing Appx1234-1240); Appx0060 (citing Appx1241-1243).  There would be no need to include the specific dates and locations unless the JESC and JAHA abstracts submitted with the Petition were "excerpted" from the actual abstract books distributed at the conferences.  Appx0059, Appx0061.  UTC ignored this evidence, and presented only attorney argument that the content of the abstracts books is "hotly contested."  RP, 17; §I, n.2, *supra*.

As further support of public accessibility, the Board relied on another copy of JESC that Liquidia submitted in Reply.  Appx0058 (citing Appx2681-2692).  That

copy of JESC states "[t]his *abstract book* has been produced electronically by Elsevier, B.V." Appx2684 (emphasis added). The JESC abstract contained in that copy is not only identical to the JESC abstract submitted with the Petition, but also located in the same position on the same page (page 22). *Compare* Appx1240 (Abstract 218) to Appx2691 (Abstract 218). The Board also entered into evidence another date-stamped copy of JAHA (stamped November 11, 2004 (Appx7601)) that includes advertisements directing conference attendees to visit the AstraZeneca conference booth to learn more about Crestor®, which is needed only if the JAHA abstract book was disseminated at the conference. *See* Appx7597-7613 at Appx7606. This JAHA abstract in this date-stamped version is also identical to the JAHA abstract submitted with the Petition, printed in the same position on the same page (page III-295). *Compare* Appx1243 (Abstract 1414) to Appx7611 (Abstract 1414). Thus, contrary to UTC's assertion, the abstract books contain the identical information as the JESC and JAHA abstracts submitted with the Petition. RP, 17.

UTC's "not-in-evidence" argument is also legally incorrect. RP, 16-17. As the Panel noted, the standard for determining public accessibility "'is whether a person of ordinary skill in the art *could*, after exercising reasonable diligence, access a reference.'" Op., 8 (citing *Samsung Elecs., Co. v. Infobridge Pte. Ltd.*, 929 F.3d 1363, 1374 (Fed. Cir. 2019)). The Panel did not relieve Liquidia of its burden, but instead determined the Board's findings concerning whether an interested person

*could* access JESC and JAHA were supported by substantial evidence.  Op., 9.  And because public accessibility via dissemination was factually established, the Panel correctly concluded that Liquidia had "no obligation" to provide a declarant who received the abstract books, "let alone the abstract books themselves."  *Id.*; *see Jazz Pharms., Inc. v. Amneal Pharms., LLC*, 895 F.3d 1347, 1356 (Fed. Cir. 2018).  The Panel decision does not conflict with any of this Court's precedent—UTC merely disagrees with the outcome.

### 3.    The Panel's decision does not conflict with *Norian*

UTC's argument that the Panel's decision conflicts with *Norian* relies entirely on cropping out the critical portion of the *Norian* decision and asserting that testimony regarding "the general practice" at conferences is insufficient to establish substantial evidence.  RP, 3, 13 (quoting *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1330 (Fed. Cir. 2004)).  *Norian* holds no such thing.

Quoting *Norian*  as follows: "'testimony' concerning 'the general practice . . . for presenters to hand out abstracts to interested attendees' is not 'substantial evidence of actual availability[,]'" UTC argues "testimony" concerning "general practice[s]" at conferences is insufficient.  RP, 13 (quoting *Norian*, 363 F.3d at 1330) (ellipsis added by UTC); *see also* RP, 3.  The *Norian* Court actually held that testimony regarding "*the **general practice at IADR meetings***" regarding abstracts lacked substantial evidence.  363 F.3d at 1330 (emphasis added).  The testimony in

*Norian* established that the abstract-at-issue "was available only upon individual request to the authors," and the co-author of the abstract "could not recall whether copies of the Abstract were actually available to hand out[.]" *Id.* Thus, *Norian* pertains only to the "general practice at the IADR meetings," where there was no substantial evidence of dissemination. This is irrelevant to the practices at the JESC and JAHA conferences where substantial evidence, corroborated by the expert witnesses of both parties, established dissemination of the abstracts at both conferences. Appx0059-0061; Op., 9. And certainly, a conflict in precedent warranting en banc review cannot be based on critical omissions of the precedent in question like UTC has done here.

**CONCLUSION**

For the foregoing reasons, Liquidia asks this Court to deny UTC's request for panel and en banc rehearing.

Dated: February 26, 2024                    Respectfully submitted,

/s/ Sanya Sukduang
Sanya Sukduang
Jonathan R. Davies
Brittany Cazakoff
COOLEY LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Appellee*
*Liquidia Technologies, Inc.*

# CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) and 32(a) and has been prepared using a proportionally-spaced typeface and includes 3831 words.

Dated:  February 26, 2024

*/s/  Sanya Sukduang*
Sanya Sukduang
COOLEY LLP

*Counsel for Appellee*
*Liquidia Technologies, Inc.*