# No. 2023-1805

United States Court of Appeals
for the Federal Circuit

---

UNITED THERAPEUTICS CORPORATION,

*Appellant*,

v.

LIQUIDIA TECHNOLOGIES, INC.,

*Appellee*,

*Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00406*

## APPELLEE LIQUIDIA TECHNOLOGIES, INC.'S OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PETITION FOR PANEL REHEARING AND REHEARING EN BANC

SANYA SUKDUANG
JONATHAN R. DAVIES
BRITTANY CAZAKOFF
COOLEY LLP
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Appellee Liquidia Technologies, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Appellee certifies the following:

1. **The full name of every party represented by me is:**

   Liquidia Technologies, Inc.

2. **The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

   None.

3. **All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:**

   Liquidia Corporation

   Caligan Partners LP

4. **The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:**

   COOLEY LLP: Sanya Sukduang, Erik B. Milch, Ivor R. Elrifi, Jonathan Davies, Deepa Kannappan, Brittany Cazakoff

5. **The title and number of any case known to me to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal are:**

   *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, Nos. 2022-2217, 2023-1021 (Fed. Cir.); originating from *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, 1-20-cv-755 (D. Del.)

6. **Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):**

None.

Dated: March 4, 2024                     */s/ Sanya Sukduang*
                                         Sanya Sukduang

**OPPOSITION TO THE MOTION FOR LEAVE TO FILE REPLY BRIEF**

Liquidia respectfully files this response in opposition to UTC's motion for leave to file a reply in support of its petition for rehearing and rehearing en banc (Dkt. 59, "Motion for Leave"). The Court should deny UTC's Motion for Leave as it is procedurally improper and meritless. Neither the Federal Rules of Appellate Procedure nor the rules of this Court authorize a reply in support of a rehearing petition. Although this Court has the discretion to permit a reply, such permission should be reserved for exceptional cases. Due to the nonprecedential nature of the Panel's decision, UTC has not demonstrated such a need here. Moreover, UTC's proposed reply is not necessitated by Liquidia's response. UTC's proposed reply: (1) attempts to address the nonprecedential nature of the Panel's decision, which it should have done in its Petition; (2) raises a *new* issue to support rehearing that was not included in UTC's Petition or responsive to Liquidia's response; and (3) simply reiterates an attorney argument made in UTC's Petition regarding the content of the JESC and JAHA abstract books, while ignoring the evidence the Board and Panel considered. UTC's Motion for Leave and proposed reply does nothing more than further confirm Panel and/or en banc rehearing is unwarranted.

UTC was aware that the Panel's decision was nonprecedential, but failed to address that in its Petition. Now, in its proposed reply (Dkt. 59, Ex. A at 1), UTC seeks to remedy its error, but it comes too late. Nonetheless, it does not change the

fact that a "petition for rehearing en banc is rarely appropriate if the appeal was the subject of a nonprecedential opinion by the panel of judges that heard it." Fed. Cir. R. 35 Practice Note.

UTC's proposed reply also seeks to shift its basis for panel and/or en banc rehearing. First, UTC's Petition was not based on a "precedent-setting question of exceptional importance[,]" (Rehearing Petition (Dkt. 54), vi; Liquidia Resp. (Dkt. 57), 1 n.1), but its proposed reply (Dkt. 59, Ex. A at 2) now contends that a "question of exceptional importance" needs to be addressed. Second, UTC's proposed reply (*id.*, at 6–7) now asks the Court to grant rehearing on a different issue–what the proper standard of review should be to address a supposed "newness restriction"–that was not the basis for UTC's original Petition. (Rehearing Petition (Dkt. 54), 5–11.) In short, recognizing from Liquidia's response that the Panel applied the correct standard of review, "substantial evidence," UTC *now* asks this Court to create new law that contradicts precedent, not to resolve a conflict. They ask this Court to hold that any time the Board permits additional evidence in reply, that decision is reviewed *de novo*, instead of for substantial evidence as this Court's precedent requires. (Liquidia Resp. (Dkt. 57), 7–12.) And in doing so, UTC rehashes its unsupported, and multiple-times rejected, contention that Liquidia, the Board, and the Panel relied on a "new" theory of unpatentability. Despite the numerous briefs UTC has filed in this appeal, it has never identified a case where properly presenting

2

additional evidence in support of a "public accessibility" argument presented in the petition constituted a "new theory of unpatentability." The Panel's decision is simply not in conflict with any of this Court's or the Supreme Court's precedent.

Finally, UTC's proposed reply (Dkt. 59, Ex. A at 8–10), like its Petition, incorrectly contends the Board and Panel applied a "presumption" of public accessibility and raises the same attorney argument (guised as factual disputes), regarding the dissemination of JESC and JAHA at their respective conferences. UTC ignores Liquidia's response on this issue and, as in its Petition, simply reasserts that the Panel applied a presumption. The Panel already addressed these issues and determined the Board's decision regarding the dissemination of JESC and JAHA was supported by substantial evidence. UTC's disagreement with that outcome does not warrant panel or en banc review.

For the foregoing reasons, Liquidia asks this Court to deny UTC's request for leave to file a reply in support of its petition for panel and/or en banc rehearing.

Dated: March 4, 2024               Respectfully submitted,

                                   */s/ Sanya Sukduang*
                                   Sanya Sukduang
                                   Jonathan R. Davies
                                   Brittany Cazakoff
                                   COOLEY LLP
                                   1299 Pennsylvania Ave., NW, Suite 700
                                   Washington, DC 20004
                                   Telephone: (202) 842-7800

3

4

*Counsel for Appellee*
*Liquidia Technologies, Inc.*

Case: 23-1805　　Document: 61　　Page: 7　　Filed: 03/04/2024

4

## CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) and 32(a) and has been prepared using a proportionally-spaced typeface and includes 689 words.

Dated: March 4, 2024    /s/ Sanya Sukduang
Sanya Sukduang
COOLEY LLP

*Counsel for Appellee
Liquidia Technologies, Inc.*